IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

MASTEC NORTH AMERICA, INC.,                )
                                           )
        Plaintiff,                         )
                                           )
v.                                         )      Case No.: 07-5008
                                           )
ALLEGIANCE COMMUNICATIONS LLC,             )
BUFORD MEDIA GROUP AND THE WICKS           )
GROUP OF COMPANIES, LLC                    )
                                           )
        Defendants.                        )

**DEFENDANTS' OBJECTION IN PART AND CONSENT IN PART IN
RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND
COMPLAINT**

COME NOW Defendants Allegiance Communications, LLC, Buford Media

Group, LLC and the Wicks Group of Companies, LLC and object in part and consent in

part to Plaintiff's Motion for Leave to Amend Complaint as follows:

In response to Plaintiff's Complaint, Defendants filed a motion to dismiss, or in

the alternative, a motion for more definite statement.  Before the court had an opportunity

to rule, Plaintiff filed an Amended Complaint and then its Motion for Leave to Amend.

Defendants do not object to Plaintiff's Motion for Leave to File Amended

Complaint to the extent that it dismisses claims against The Wicks Group of Companies,

LLC, and eliminates the claims of Fraud, Constructive Fraud, Conversion, Negligence,

Constructive Trust and Negligent Misrepresentation against Defendants Allegiance

Communications, LLC and Buford Media Group, LLC.

However, Plaintiff's proposed amended complaint fails to address deficiencies on

remaining claims discussed in Defendants' Motion to Dismiss and creates further issues

{L0138953.DOC; 1}

with the addition of other, contradictory claims.  Therefore, the arguments asserted in

Defendants' Motion to Dismiss still apply with regard to the counts for breach of (oral)

contract, unjust enrichment, and detrimental reliance, which remain largely unchanged.

With regard to the new causes of action listed in the amended complaint, the

allegations asserted in the Breach of Oral Contract first cause of action and the Breach of

Implied Contract second cause of action of the proposed Amended Complaint are

verbatim.  It is unclear how Plaintiff can maintain a claim for breach of contract and in

the very next count use the exact same words to assert that a contract did not exist, but

should be implied by law.  This contradiction cannot stand.  Plaintiff cannot rely on

verbatim allegations to conclude that a contract both exists and at the same time does not

exist.

Plaintiff's sixth cause of action for a resulting trust in the proposed Amended

Complaint is devoid of the required allegations of fact to establish a claim for resulting

trust.  This count simply fails to state facts, which if true, would establish a basis for the

imposition of a resulting trust.

"There are three situations in which the trust which arises is properly called a

resulting trust: (1) where an express trust fails in whole or in part; (2) where an express

trust is fully performed without exhausting the trust estate; (3) where property is

purchased and the purchase price is paid by one person and at his direction the vendor

conveys the property to another person." *O'Neal v. Warmack*, 466 S.W.2d 913, 250 Ark.

685 (Ark., 1971).  In the case of a resulting trust, the interest reverts back to the settlor.

*Id*.  Only a purchase-money resulting trust could be arguably relevant here.  A purchase-

money resulting trust may be created when property is paid for with one person's money

and title is taken in the name of another; the person furnishing the consideration for the purchase is said to have all of the beneficial or equitable interest in the property, and the person into whose name the property was transferred has only bare, legal title. *First Nat. Bank of Roland v. Rush*, 30 Ark.App. 272, 785 S.W.2d 474, 478 (Ark. App., 1990). Plaintiff's complaint alleges that The Wicks Group of Companies, LLC furnished the consideration, and thus only The Wicks Group of Companies, LLC would have any possible cause of action for a resulting trust.  As Plaintiff did not provide the consideration, this count simply fails to state facts, which if true, would establish a basis for the imposition of a resulting trust.  Plaintiff failed to state a claim in its sixth cause of action and the Court should dismiss that count.

Based on all the foregoing, all Defendants ask that the Court (1) permit Plaintiff to amend its complaint to eliminate all claims against The Wicks Group of Companies, LLC, (2) permit Plaintiff to amend its complaint to dismiss its claims for Fraud, Constructive Fraud, Conversion, Negligence, Constructive Trust and Negligent Misrepresentation, (3)  dismiss the contradictory claims for Breach of Oral Contract and Breach of Implied Contract, (4) dismiss the duplicative claims for Unjust Enrichment, Quantum Meruit, Detrimental Reliance, and Breach of Implied Contract for the reasons stated in Defendants' Motion to Dismiss, (5) dismiss the futile claim for resulting trust, (6) or, in the alternative, if the Court chooses not to dismiss some or all of Plaintiff's Causes of Action, the Court should order Plaintiff to provide a more definite statement with regard to those causes of action not dismissed.

Respectfully submitted:

McANANY, VAN CLEAVE & PHILLIPS, P. A.
5125 Roe Boulevard, Suite 200
Roeland Park, Kansas  66205
(913) 371-3838
(913) 262-1791 FAX

BY:    s/ Lawrence D. Greenbaum
       Lawrence D. Greenbaum – KS #12175
       Patricia L. Musick – AR #2006346
       *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 24, 2007, this document was electronically filed with the Clerk of the Court using the CM/ECF system which system notifies the following electronic filing participants of such filing:

Kenneth E. Wagner
Pine G. Drewyor
*Attorneys for Plaintiff*

s/ Lawrence D. Greenbaum