```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION


MASTEC NORTH AMERICA, INC.                              PLAINTIFF

                          v.   Civil No. 07-5008

ALLEGIANCE COMMUNICATIONS, LLC,
BUFORD MEDIA GROUP, AND THE WICKS GROUP
OF COMPANIES, LLC                                      DEFENDANTS
```

### ORDER

NOW on this 15th day of January 2008, comes on for consideration Defendants' **Motion to Dismiss and, Alternatively, Motion for More Definite Statement** (document #8 – hereinafter the "Motion to Dismiss"), Plaintiff's **Motion for Leave to File Amended Complaint** (document #12 – hereinafter the "Motion to Amend"), and the responses thereto. The Court, being well and sufficiently advised, finds and orders as follows:

1. On January 9, 2007, Plaintiff, **Mastec North America, Inc.** (hereinafter "Plaintiff" or "Mastec") commenced this action with the filing of its complaint (document #1) wherein it alleged, *inter alia*:

* that it had a legally enforceable agreement with the Defendants, **Alliance Communications, LLC; Buford Media Group; and**

**The Wicks Group of Companies, LLC** (hereinafter, as appropriate, "Defendants," "Alliance," "Buford," or "Wicks");

* that the agreement called for Plaintiff to perform construction work on cable plants and/or systems in Arkansas, Kansas, and Oklahoma;

* that by December 2005 it had, in fact, performed and completed the work called for; and

* that, despite the completion of the work, Defendants have failed and refused to pay for the work as called for by the alleged agreement.

2. On August 30, 2007, Defendants filed a motion to dismiss or, in the alternative, a motion for more definite statement – citing various alleged deficiencies in Plaintiff's complaint.

3. Thereafter, on September 12, 2007, Plaintiff filed its motion to amend, seeking leave to:

* change the caption of the complaint to reflect the voluntary dismissal of Wicks from the lawsuit;

* dismiss many of the claims lodged against the remaining two defendants; and

* add new claims.

4. In their response to Plaintiff's Motion to Amend, Defendants reassert their prior motion to dismiss or, in the

alternative, motion for more definite statement as it relates to the original complaint's remaining claims of detrimental reliance and unjust enrichment – and they insist that Plaintiff's Motion to Amend should be denied, at least in part. In light of the posture of the matter, the Court will first discuss Plaintiff's Motion to Amend.

    5. In response to Plaintiff's Motion to Amend, Defendants say they object in part and consent in part as follows:

    (a) they consent to the proposed amended complaint insofar as it eliminates the claims for fraud, constructive trust, conversion, negligence, constructive fraud, and negligent misrepresentation; and insofar as it removes Wicks from the case.

    (b) they object to the proposed amended complaint insofar as it seeks to add claims for breach of oral contract, breach of implied contract, quantum meruit, and resulting trust. They say these claims are improper and should not be permitted.

    6. Since Defendants consent to the proposed amendments to the complaint insofar as they remove the above-listed counts and correct the caption to reflect the voluntary dismissal of Wicks, the Court concludes that the Motion to Amend, as it relates to these matters, should and will be granted and it will permit Plaintiff to amend the complaint to reflect these changes.

7. The Court will now address Defendants' objections to the Motion to Amend.

(a) Rule 8(a) of the Federal Rules of Civil Procedure states that pleadings must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Under the liberal notice pleading standards of the Federal Rules of Civil Procedure specific facts are not necessary. <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007). A plaintiff need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." <u>Id</u>. A party may move for a more definite statement of any pleading that is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). However, such motions are disfavored in light of the liberal discovery permitted under the federal rules and are granted only when the information sought is necessary to form a responsive pleading. <u>Sopkin v. Missouri Nat. Life Ins. Co.</u>, 222 F. Supp. 984, 985 (D.C. Mo. 1963); <u>Wycoff v. Nichols</u>, 32 F.R.D. 369, 370 (W.D. Mo. 1962). The decision whether to grant or deny such a motion lies within the sound discretion of the court. <u>United States v. Assoc. of American Railroads</u>, 4 F.R.D. 510, 528 (D.C. Neb. 1945).

(b)     Regarding Plaintiff's proposed claims for breach of oral contract and breach of implied contract, Defendants state that the allegations asserted in both claims are "verbatim." Thus, they argue that Plaintiff "cannot maintain a claim for breach of contract and in the very next count use the exact same words to assert that a contract did not exist, but should be implied by law." Doc. 13 at 2.

While the proposed counts for breach of oral contract and breach of implied contract are, in fact, quite similar – they are not "verbatim."

Plaintiff's breach of oral contract claim centers on "an oral contract with MasTec wherein Defendants agreed to make payments to MasTec for services provided."  Doc. 12-2 at 4. According to the amended complaint, such agreement was entered into through Defendants' agent, Dennis Krumblis.  Id.

On the other hand, Plaintiff's claim for breach of implied contract centers on certain purchase orders.  Plaintiff states that, because of Defendants' need to "get the system upgrades started ... MasTec began the work without an executed contract, but instead required a Purchase Order for each site as authorization for MasTec to begin mobilization on the projects." Id.   In the amended complaint, Plaintiff alleges that such

purchase orders constitute implied contracts between Plaintiff and Defendants. Id.

Considering the foregoing, the amended complaint in its entirety, and the liberal pleading standards, the Court finds that the proposed counts for breach of oral contract and implied contract are proper and should be permitted. Thus, as to these claims, Defendants' objections to the Motion to Amend will be overruled and the motion will be granted.

(c) Regarding Plaintiff's proposed claim of quantum meruit – in light of its existing claim of unjust enrichment – Defendants argue that Plaintiff cannot simultaneously maintain these claims with its claims for breach of contract and detrimental reliance as they are contradictory. For example, Defendants state "that there can be no unjust enrichment in contract cases." Doc. 9-1 at 5.

The Court is not persuaded by this argument because it is clear that a party to an action may state as many separate claims as it has – "regardless of consistency and whether based on legal, equitable, or maritime grounds." Fed. R. Civ. P. 8(e)(2). The right of a plaintiff to try his case on alternative theories "has uniformly been upheld in the federal courts and plaintiff cannot be required to elect upon which theory to proceed."

Breeding v. Massey, 378 F.2d 171, 178 (8th Cir. 1967); see also Turley Martin Co. v. Gilman Paper Co., 905 F.2d 235, 237 (8th Cir. 1990) (holding that "the law does not forbid the pleading of alternative theories to other claims"). Thus, these claims cannot be disallowed merely because they are based upon inconsistent theories.

Moreover, the Court finds that the facts set forth in the amended complaint give Defendants fair notice of what the proposed claims are and the grounds upon which they allegedly rest. See Erickson, 127 S. Ct. at 2200. Accordingly, these objections to Plaintiff's Motion to Amend will be overruled and the motion will be granted in these respects.

(d)  As to Plaintiff's proposed claim for a resulting trust, Defendants argue in passing that this claim is improper as it can only be maintained by Wicks. That is, Defendants assert that, because Wicks furnished the consideration for the cable construction project, only Wicks has a cause of action for a resulting trust. Thus, Defendants say that Plaintiff has failed to state a claim upon which relief may be granted and, therefore, this claim should not be allowed.

Plaintiff does not specifically respond to this argument in addressing the sufficiency of its proposed amended complaint.

In the Court's view, the facts asserted in this proposed count are sufficient to satisfy the liberal pleading requirements of the Federal Rules of Civil Procedure and, consequently, should be allowed. Should Defendants decide to file a motion to dismiss at a later date, the Court will then consider the arguments of the parties as to whether Plaintiff may properly maintain this claim. Accordingly, as to this claim, Defendants' objection to the Motion to Amend will be overruled and the motion will be granted.

8. Turning now to Defendants' Motion to Dismiss, the Court notes that Defendants challenge the sufficiency of Plaintiff's existing cause of action for detrimental reliance – arguing that it fails to state a claim. Specifically, Defendants state that detrimental reliance requires a clear and unambiguous promise and that the complaint fails to identify any promise made by any Defendant to Plaintiff. Thus, Defendants conclude that Plaintiff has failed to state a claim and, as a result, the Court should dismiss this count. In the alternative, Defendants seek a more definite statement with regard to this claim.

The Court notes that Plaintiff clearly contends in its complaint that it has never received "full payment" for its services. This seems to the Court to be sufficient to place

Defendants on notice that Plaintiff is contending that, under the alleged contract, it is entitled to receive "full payment" – and, that, obviously, it is alleging that there was a promise by Defendants to make such a full payment upon completion of the construction work.

Paragraph 18 of the amended complaint states that, "[a]t the Defendants' direction and request, MasTec performed the work pursuant to the design maps provided by the Defendants." Further, Paragraphs 43 and 44 of the amended complaint state that,

> At the request and direction of Defendants, MasTec relied upon the design maps and Bills of Materials provided by Allegiance in upgrading the system. The intention of such requests and directions was to cause MasTec to detrimentally rely on the strand footage and the system design in its performance of the contract.

Doc. 12-2 at 6.

Considering the complaint in its entirety and, in particular, the above language, the Court finds that Plaintiff's detrimental reliance claim satisfies the liberal pleading requirements of Federal Rule of Civil Procedure 8 – by alleging facts sufficient to show that a promise was made by Defendants to Plaintiff and that Plaintiff relied, to its detriment, on such

promise. Accordingly, the Court finds that Defendants' Motion to Dismiss should be denied as it relates to this count.

9. It follows that the Motion to Amend should be granted, as discussed above, and that the Motion to Dismiss should be denied.

IT IS, THEREFORE, ORDERED that Defendants' **Motion to Dismiss and, Alternatively, Motion for More Definite Statement** (document #8) is hereby **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's **Motion for Leave to File Amended Complaint** (document #12) is hereby **GRANTED**. Plaintiff is directed to file and serve its amended complaint within ten (10) days of the date of this Order.

**IT IS SO ORDERED.**

/s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**